# THE BENDAU LAW FIRM, PLLC

# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("**Agreement**"), is effective as of the date of the latest signature herein (the "**Effective Date**"), by and between Brent Hanke ("Hanke") and Vino Pinot Dining, LLC d/b/a Salut Kitchen Bar, David Freedman, and Anastasios Tirkas (collectively, "**Defendants**") (collectively, the "**Parties**").

## RECITALS

A. Hanke worked for Defendants from approximately April 1, 2013, to approximately May 1, 2015.

B. After the termination of Hanke's employment from Defendants, a dispute arose between the Parties concerning the amount of Hanke's compensation, namely whether he was properly paid minimum wage and overtime wages (the "**Dispute**");

C. On September 18, 2015, Hanke filed a Complaint in the United States District Court, District of Arizona, Case No. 2:15-CV-01873-SMM, regarding the Dispute (the "**Litigation**"). Hanke alleges violations of the Fair Labor Standards Act ("FLSA") and the Arizona Wage Act ("AWA");

D. Defendants deny the validity of Hanke's claims and deny any liability to Hanke for unpaid wages, liquidated damages, attorneys' fees, and costs;

E. The Parties reached a settlement of the Dispute and Lawsuit, the material terms of which are set forth and incorporated herein. The Parties desire by this Agreement to fully, finally, absolutely and forever compromise and settle all of their respective claims against one another, including but not limited to all matters arising from the Dispute and Litigation, and all previous business dealings between the Parties, whether those claims are direct, indirect, absolute, contingent, liquidated or unliquidated.

## AGREEMENTS

NOW THEREFORE, in consideration of the mutual covenants contained herein and other valuable consideration, the receipt and adequacy of which are hereby acknowledged, it is hereby stipulated and agreed by and between the Parties as follows:

1. Recitals: The foregoing recitals are true, correct, and incorporated herein by reference as though set forth in full.

2. Settlement Payment: Defendants will pay to Hanke and his counsel, The Bendau Law Firm PLLC, the total sum of THIRTY SEVEN THOUSAND & 00/100 dollars ($37,000.00) (the "**Settlement Amount**"), consisting of $18,500 in alleged unpaid

wages and associated damages to Hanke and $18,500 in attorneys' fees and costs to The Bendau Law Firm PLLC, payable in the following disbursements:

    a.  The sum of FIFTEEN THOUSAND & 00/100 dollars ($15,000.00) on or before June 14, 2018; and

    b.  The sum of ONE THOUSAND & 00/100 dollars ($1,000.00) on the 14th of each month thereafter for twenty-two (22) consecutive months.

Each payment described above will be made in two separate checks: (1) a check made payable to Brent Hanke for half of the total amount, and (2) a check made payable to Bendau & Bendau, PLLC for half of the total amount. Each payment will be delivered to Bendau & Bendau, PLLC as counsel for Plaintiff, P.O. Box 97066, Phoenix, AZ 85060. Payments will be held in trust pending the Court's approval of the settlement.

3.  <u>Taxes</u>: Defendants will furnish to Hanke and Plaintiff's counsel (Bendau & Bendau, PLLC) IRS forms 1099-MISC each year that payments are made, and for the respective amounts paid in each year, and shall be delivered to Plaintiff's counsel at the above listed address. The amounts the IRS form 1099-MISC in each year for both Hanke and Plaintiff's counsel are as follows:

    <u>2018</u>: $10,500.00
    <u>2019</u>: $6,000.00
    <u>2020</u>: $2,000.00

4.  <u>Consent Judgment</u>:  In connection with this Agreement, Defendants will stipulate to a consent judgment in favor of Plaintiff and Plaintiff's counsel in the amount of THIRTY SEVEN THOUSAND AND 00/100 dollars ($37,000.00).  Plaintiff agrees not to record, file, execute, or take any other action with the consent judgment unless the Defendants fail to timely make any of the payments referred to herein.  If the Defendants fail to make a payment as required by paragraph 2 above, Plaintiff will first give Defendants notice and a ten (10) day opportunity to cure the default before filing the consent judgment with the court.  The notice of default shall be sent via certified letter or email to:

Martin A. Bihn
BIHN & MCDANIEL, P.L.C
2600 N. Central Ave, Suite 1775
Phoenix, Arizona 85004
mbihn@phxlegal.com

5.  <u>Joint Motion for Approval</u>: Upon execution of the Agreement, the parties will file a joint motion with the Court to approve this settlement, dismiss the lawsuit with

prejudice, and retain jurisdiction to enforce the terms of the Settlement Agreement if necessary.

6. <u>Mutual Release</u>: Upon payment in full of the Settlement Amount, the Parties, including their parents, subsidiaries, affiliates, officers, directors, principals, members, shareholders, agents, attorneys, trustees, representatives, employees, successors and assigns, and all other person(s) who may be said to have acted on behalf of any of them, will release, acquit and forever discharge one another, their parents, subsidiaries, affiliates, officers, directors, members, shareholders, agents, attorneys, trustees, representatives, employees, successors and assigns, and all other person(s) who may be said to have acted on behalf of any of them, from any and all claims, charges, demands, sums of money, actions, rights, causes of action, obligations and liabilities of any kind or nature whatsoever, at law or in equity, which either party may have had, claims to have had, now has, may claim to have, which concern in any way the Agreement or the Dispute or the Litigation, with the exception of claims to enforce this Settlement Agreement

7. <u>Covenant Not to Sue</u>: Each party hereto promises to never commence, prosecute, or cause to be commenced or prosecuted any action or proceeding against any other party hereto based upon any claim, lawsuit, demand, cause of action, obligation, or liability covered by the release set forth in this Agreement, except for claims to enforce the terms of this Agreement. If any action is commenced or prosecuted in violation of this Agreement, the party commencing or prosecuting the action shall be liable for all damages sustained by the proposing party as a result of the action, including, but not limited to, all attorneys' fees and costs incurred in defending the action and during appeal.

8. <u>General Warranties and Representations</u>:

   a.     This Agreement is executed by the Parties without reliance upon any statement or representation by the Parties or persons herein released, or their attorneys or representatives, other than those set forth in this Agreement. Each person signing this Agreement represents and warrants that he or she has read this Agreement and understands the contents thereof.

   b.     Each of the Parties hereto represents and warrants that investigation of all the facts pertaining to this Agreement have been made, and all the matters pertaining hereto, as each party deems necessary for the purpose of entering this Agreement.

   c.     Each of the Parties hereto represents and warrants that the execution and delivery of this Agreement and the consummation of the settlement contemplated hereby has been duly authorized by all necessary and appropriate corporate action and necessary approvals.

d.      Each person signing this Agreement represents and warrants that he or she has the right and full authority to sign on behalf of the party designated immediately above his or her signed name.

e.      Each of the Parties hereto represents and warrants to the other party that none of them has heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claims or rights as to any of the matters referenced herein, or any part or portion thereof.

9.   <u>Mutual Non-Disparagement</u>.   The Parties agree to refrain from any and all communications, oral or written, and regardless of truth or falsity, the intent of which is to: (i) disparage the other Party or its principals, members, agents or employees as to his, her or its business, professional or personal reputation, (ii) subject the other Party or its principals, members, agents, employees or attorneys to ridicule or public disapprobation, or (iii) interfere, except within the scope of any applicable privilege, with the existing or prospective business relationships of the other Party or its principals, members, agents or employees. The foregoing notwithstanding, the Parties shall not be precluded, by virtue of this Section, from giving truthful testimony or providing documentary evidence pursuant to subpoena or order of any court or administrative body, in any civil, criminal or administrative proceeding or investigation.   In the event that a third party (e.g., prospective employer or lender) should contact Defendants, Defendants agree to disclose only Hanke's dates of employment and position(s) held.

10.  <u>Confidentiality</u>.  The Parties agree that their negotiations leading to this Agreement and the contents of this Agreement are strictly confidential.  The Parties further agree that, without the prior written consent of the other Party, no Party hereto shall disclose to any non-party any information relating to the terms of the settlement reflected herein; provided, however, that notwithstanding the foregoing, each Party may confidentially disclose the existence and terms of this Agreement to its beneficiaries for purposes of fulfilling this Agreement after the death of one of the parties, representatives, consultants, accountants, attorneys, insurers, and financial institutions/lenders if deemed reasonably necessary and/or appropriate for the performance of any such individual's or entity's work for or on behalf of any Party, and pursuant to a court order to do so. If the parties are asked about the disposition of claims, complaints, or lawsuits against each other, they may only state, "the matter has been resolved."

11.  <u>Miscellaneous</u>

a.      **No Admission of Liability**: Each of the Parties hereto agrees that this Agreement is a compromise relating to the disputes between them and shall never be treated as an admission of liability of any party hereto for any purpose, and that liability therefore is expressly denied by each of the parties.

b.      **Governing Law**: This Agreement is executed and intended to be performed in the State of Arizona, and the laws of Arizona shall govern its interpretation and effect. Any action to enforce this Agreement shall be brought before a court of proper jurisdiction located in Maricopa County, Arizona.

c.      **Entire Agreement**: This Agreement contains the entire agreement of the Parties with respect to the subject matter of this Agreement, and each party acknowledges there were no other agreements, representations, warranties, or statements of fact made prior to or at the time of signing of this Agreement that are not set forth herein. No representations or modifications of this Agreement shall be of force and effect unless set forth in writing and signed by both Parties hereto.

d.      **No Waiver**: No action or lack of action on the part of any party hereto at any time to execute any rights or remedies conferred upon it under this Agreement shall be, or shall be asserted to be, a waiver of any of its rights or remedies hereunder.

e.      **Attorneys' Fees**: In the event of a dispute between the Parties arising out of this Agreement, the prevailing party shall be allowed reasonable attorneys' fees and costs incurred in any negotiations, mediation, arbitration, litigation, or any appeal therefrom.

f.      **Captions and Pronouns**: All pronouns and variations thereof shall be deemed to refer to the masculine, feminine, or neuter, and to the singular or plural, as the identity of the person may require. Captions or paragraph titles are used in this Agreement for convenience or reference, and in no way define, limit, extend, or describe the scope or intent of this Agreement or any of its provisions.

g.      **Successors and Assigns**: This Agreement shall be binding and inure to the benefit of the parties hereto, their predecessors, parents, subsidiary and affiliated corporations, all officers, directors, shareholders, agents, employees, insurance carriers, attorneys, assigns, successors, heirs, executors, administrators, and legal representatives of whatsoever kind of character in privity therewith.

h.      **Counterparts**: This Agreement may be executed in counterparts, one or more of which may be facsimiles, but all of which shall constitute one and the same Agreement. Electronic or facsimile signatures of this Agreement shall be accepted by the Parties to this Agreement as valid and binding in lieu of original signatures.

i.      **Agreement as a Complete Defense to Any Claim**: The Parties agree and acknowledge that this Agreement may be pleaded as a full and complete defense to any action, claim, suit, or any other proceeding which may be hereafter instituted, prosecuted, or attempted and which is covered by any of the releases in this Agreement.

j.      **Time for Performance**: The Parties understand and agree that the time is of the essence with respect to each and every act required by this Agreement. Failure to perform any provision hereof in strict accordance with the Agreement shall be deemed a material breach of the Agreement.

12. Understanding of Agreement: Each of the Parties hereto acknowledges that they have fully read the contents of this Agreement and that they had the opportunity to obtain the advice of counsel of their choice, and that they have full, complete, and total comprehension of the provisions hereof and are in full agreement with each and every one of our terms, conditions, and provisions of this Agreement. As such, the Parties hereby waive any and all the rules of contract or rights that may apply a more favorable interpretation of the terms, conditions, or provisions hereof to one or more parties, including the rule of construction that ambiguities are to be resolved against the drafter of this Agreement. For the purposes of this instrument, the Parties agree that ambiguities, if any, are to be resolved in the same manner as would have been the case had this instrument been jointly conceived and drafted.

**IN WITNESS WHEREOF**, each of the Parties has executed this Agreement on the date and year written above.

**VINO PINOT DINING, LLC**

By: _____          Date: _____

Its: _____

_____          Date:_____
David Freedman

_____          Date:_____
Anastasios Tirkas

_____          Date: 06/04/18
Brent Hanke

# Signature Certificate



 **Document Reference:** `TJNLHUI6B5VYN37VDMZFJY`



**Brent Hanke**
Party ID: EEXTY3IY2JKPV8PBJURDXR
IP Address: 24.251.178.165

| VERIFIED EMAIL: | bdhanke@asu.edu |



| Multi-Factor<br>**Digital Fingerprint Checksum** | `560f4ea764befbb55e115b72a3a11add6860e5ef` |  |

| **Timestamp** | **Audit** |
|---|---|
| 2018-06-04 17:58:39 -0700 | All parties have signed document. Signed copies sent to: Cliff Bendau and Brent Hanke. |
| 2018-06-04 17:58:38 -0700 | Document signed by Brent Hanke (bdhanke@asu.edu) with drawn signature. - 24.251.178.165 |
| 2018-06-04 17:58:37 -0700 | Brent Hanke verified email address 'bdhanke@asu.edu'. - 24.251.178.165 |
| 2018-06-04 17:58:15 -0700 | Generated Document from Online Form HANKE SETTLEMENT AGREEMENT DRAFT 2; 5-18-18 (HANKE-SETTLEMENT--168279). - 24.251.178.165 |
| 2018-06-04 17:55:54 -0700 | Online Form viewed by Brent Hanke (bdhanke@asu.edu). - 24.251.178.165 |

 This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

i.    **Agreement as a Complete Defense to Any Claim**: The Parties agree and acknowledge that this Agreement may be pleaded as a full and complete defense to any action, claim, suit, or any other proceeding which may be hereafter instituted, prosecuted, or attempted and which is covered by any of the releases in this Agreement.

i.    **Time for Performance**. The Parties understand and agree that the time is of the essence with respect to each and every act required by this Agreement. Failure to perform any provision hereof in strict accordance with the Agreement shall be deemed a material breach of the Agreement.

.2  Understanding of Agreement: Each of the Parties hereto acknowledges that they have fully read the contents of this Agreement and that they have had the opportunity to obtain the advice of counsel of their choice, and that they have full, complete, and total comprehension of the provisions hereof and are in full agreement with each and every one of our terms, conditions, and provisions of this Agreement. As such, the Parties hereby waive any and all the rules of contract or rights that may apply a more favorable interpretation of the terms, conditions, or provisions hereof to one or more parties, including the rule of construction that ambiguities are to be resolved against the drafter of this Agreement. For the purposes of this instrument, the Parties agree that ambiguities, if any, are to be resolved in the same manner as would have been the case had this instrument been jointly conceived and drafted.

**IN WITNESS WHEREOF**, each of the Parties has executed this Agreement on the date and year written above.

**VINO PINOT DINING, LLC**

By:   Anastasios Tirkas              Date:   6/4/18

Its:   Manager

                           Date:  6-4-18
David Freedman

                           Date:  6/4/18
Anastasios Tirkas